IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CAMERON SCOTT BOLIN,            )
                                )
            Plaintiff            )
                                )
vs.                              )   Case No. : 3:14-CV-3084-JLH
                                )
PROGRESSIVE CASUALTY            )
INSURANCE COMPANY d/b/a          )
PROGRESSIVE HOME ADVANTAGE,     )
and HOMESITE INSURANCE          )
COMPANY OF THE MIDWEST          )
                                )
            Defendants           )

**PLAINTIFF'S BRIEF IN SUPPORT OF**
**RESPONSE TO SEPARATE DEFENDANT, PROGRESSIVE CASUALTY INSURANCE**
**COMPANY'S, MOTION FOR SUMMARY JUDGMENT**

Comes now the Plaintiff, Cameron Scott Bolin, by and through his attorneys, Laws Law Firm, P.A., and for his Brief in Support of Response to Separate Defendant, Progressive Casualty Insurance Company's, Motion for Summary Judgment, and states as follows:

**Introduction**

Summary Judgment in favor of Progressive is not appropriate because Progressive is a proper defendant to this lawsuit. Plaintiff contacted Progressive to provide insurance, and Plaintiff accepted the offer by Progressive to do so. Plaintiff also paid a premium to Progressive. (See Exhibit "A", Affidavit of Cameron Scott Bolin).

## Argument

Progressive is a well-known insurance company with a large nationwide marketing presence. Plaintiff contacted Progressive because he believed Progressive to be a sound insurance company. (See Exhibit "A", Affidavit of Cameron Scott Bolin). Progressive issued a homeowners insurance policy with Progressive's name on it. Plaintiff did not bundle any of his insurance with Progressive. Plaintiff only wanted Progressive to insure his home. Thereafter, Progressive renewed the policy. On October 29, 2012, a fire destroyed Plaintiff's home during the policy period.

If there is any underlying agreement between Progressive and Homesite for Homesite to reimburse Progressive for payment of claims, it is not a part of the agreement with Plaintiff. Progressive and Homesite are jointly liable to Plaintiff with the understanding that the policy was underwritten by Homesite, and they are the ultimate responsible party per some agreement between Progressive and Homesite.

Plaintiff received payments from Progressive. (See Exhibit "C" to Separate Defendant's Brief in Support of Motion for Summary Judgment, Checks Issued to Cameron Scott Bolin). These checks appear to be issued, not only by Progressive, but from a bank account of theirs.

To establish a contract, there must first be an offer to enter into a contract that was accepted by another. Secondly, that there was an exchange of legal consideration by mutual agreement and obligation. See *Daimler-Chrysler Corp. v. Smelser*, 375 Ark. 216, 289 S.W.3d 466 (2008). In the instant matter, it is clear that Plaintiff contacted Progressive, an offer of insurance was made by Progressive, and accepted by Plaintiff by his signature to the mentioned homeowner's policy. Legal consideration was exchanged by Plaintiff paying Progressive the policy premiums in exchange for Progressive providing Plaintiff homeowners insurance

coverage. Therefore, a contract exists between Plaintiff and Progressive. Any other relationship between Progressive and Homesite is irrelevant in the sense of who is the proper party.

Progressive merely wants to argue that, because Homesite is the ultimate payor of claims, they should be relieved from being a party. The bottom line is, since Plaintiff contracted with Progressive, they are clearly a proper party.

### **Conclusion**.

WHEREFORE, Plaintiff's claim against Progressive should not be dismissed as a matter of law, and the Court should deny Separate Defendant, Progressive Insurance Company's, Motion for Summary Judgment.

RESPECTFULLY SUBMITTED,
CAMERON SCOTT BOLIN, PLAINTIFF

BY: _____
HUGH R. LAWS
Arkansas Bar No. 88129

NORBERT A. "BRET" FLECK
Arkansas Bar No. 2013058

LAWS LAW FIRM, P. A.
Attorneys at Law
Post Office Box 3000
Russellville, Arkansas 72811
PH: 479-968-1168
EMAIL: hlaws@lawslawfirm.com
         bfleck@lawslawfirm.com

## CERTIFICATE OF SERVICE

I, Hugh R. Laws & N.A. "Bret" Fleck III, hereby certify that a true and correct copy of the above and foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Stuart P. Miller:    smiller@mwlaw.com; azink@mwlaw.com; padams@mwlaw.com

on this ____ day of March, 2015.

_____
HUGH R. LAWS
NORBERT A. "BRET" FLECK III